# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DONALD K. ANDRE, JR., | ) |
| Plaintiff, | ) Civil No. |
| | ) 11-40009-FDS |
| v. | ) |
| JUDGE MORIARTY, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**SAYLOR, J.**

On January 11, 2011, plaintiff Donald K. Andre, Jr., then a prisoner at the Worcester County Jail and House of Correction in West Boylston, Massachusetts, filed a civil rights complaint against various state court judges, clerks, prosecutors, attorneys, sheriffs, and prison officials.

On April 4, 2011, this Court issued a Memorandum and Order outlining the numerous legal impediments to Andre's claims.[1]  Andre was directed to demonstrate good cause in writing why this action should not be dismissed within 42 days.

On May 16, 2011, Andre filed a motion for an extension of time to file a response, asserting that he was "still managing his criminal case" in the state court, that he was seeking assistance from an attorney to help with his civil cases, and that he is unskilled in law and has limited access to legal research while in custody.  He also stated that he expected there to be a

---

[1] These impediments included absolute judicial immunity and quasi-judicial immunity, the lack of *respondeat superior* liability, the failure to plead plausible claims of conspiracy or failure to intervene, the lack of state action of defense attorneys, the inability to assert claims of others, the failure to plead an adequate state remedy, and abstention and/or the favorable termination rule.

disposition in his state criminal case by the end of May 2011. On May 17, 2011, this Court granted Andre's motion by electronic order, and directed that the show cause response be filed by June 7, 2011.

On May 25, 2011, mail sent to Andre was returned to this Court as undeliverable. The return envelope indicated Andre had been released.

To date, Andre has failed to file a change of address, and has also failed to file a show cause response within the time period afforded to him.

Local Rule 83.5.2(e) imposes the responsibility for notifying the Court of any change of address on the party. The Rule states: "Each attorney appearing and each party appearing pro se is under a continuing duty to notify the clerk of any change of address and telephone number. Notice under this rule shall be filed in every case. Any attorney or party appearing pro se who has not filed an appearance or provided the clerk with his current address in accordance with this rule shall not be entitled to notice. Notice mailed to an attorney's or party's last address of record shall constitute due notice contestable only upon proof of a failure to mail delivery." Local Rule 83.5.2(e). In light of this rule, mail sent to Andre's last known address of record suffices to notify him of the Court's directives.

Accordingly, for the failure to comply with the directives contained in the Memorandum and Order, and for the substantive reasons set forth in the prior Memorandum and Order, this action is hereby DISMISSED in its entirety.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
Dated: June 17, 2011 United States District Judge